William D. Cope, SBN #1711
WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
Telephone:   (775) 333-0838
Facsimile:   (775) 333-6694
Email: cope_guerra@yahoo.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

---ooOoo---

IN RE:

STEVEN M. VIDAL and
DEBORAH R. VIDAL,

Debtors.
_____/

CASE NO.: 09-52097

CHAPTER 13

HEARING DATE:   AUGUST 28, 2009
HEARING TIME:   2:00 P.M.
TIME REQUIRED:  5 MINUTES

**MOTION TO VALUE COLLATERAL; POINTS AND AUTHORITIES**

Debtors, Steven and Deborah Vidal ("Debtors") by and through their attorney, William D. Cope, Esq., hereby request that the Court value their residence located at 47 Marilyn Mae Drive, Sparks, Nevada 89441 ("Property"), which residence is collateral securing Debtors' indebtedness to Wells Fargo Home Mortgage ("WFB"), holder of a first deed of trust ("First") and Washington Mutual Home Loan ("Washington"), holder of a second deed of trust ("Second"). This motion is made and based upon the Points and Authorities set forth below; the matters and papers on file in this case, 11 U.S.C. §506(a), Fed. R. Bankr. P. 3012 and Local Rule 3012.

///

///

///

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

-1-

## POINTS AND AUTHORITIES

### I. FACTS

The Debtors filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code on June 30, 2009. William A. Van Meter was duly appointed as the Chapter 13 Trustee in this case.

The Debtors contracted with Joslin Appraisal & Home Inspection Services, LLC to appraise the Property. After preparing a full appraisal of the Property, John Joslin estimated the fair market value of the Property to be $320,000.00 as of June 17, 2009. See the Declaration of John Joslin filed concurrently herewith, which Declaration includes a full copy of his appraisal of the Property. WFB is owed $373,796.24 pursuant to its promissory note secured by the First. Washington is owed $56,160.21 pursuant to its promissory note.

### II. ARGUMENT

1. <u>Washington does not have an allowed secured claim.</u>

11 U.S.C. §506(a) bifurcates a creditor's allowed claim in two parts: (1) secured to the extent of the value of the property to which the creditor's interest in the liened property attaches; and (2) unsecured to the extent the claim exceeds the value of the underlying property. A claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002). Further, a junior lien holder's claim is an unsecured claim when its deed of trust is junior to a first deed of trust and the value of the loan secured by the first deed of trust is greater than the value of the house. <u>Id</u>. This is the exact situation that exists in this case.

The cumulative value of the debt to WFB secured by the First is $373,796.24. Since WFB's debt exceeds the actual value of the Property (i.e. $320,000.00), the value of the estate's interest in the Property is zero. As the holder of the Second, Washington's interest in the

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

-2-

Property can be no greater than zero. Thus, under §506(a) Washington would not have an allowed secured claim and under <u>Zimmer</u> its claim must be unsecured.

2.  <u>Washington's contract rights may be modified through Debtors' Chapter 13 Plan.</u>

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence. However, as in this case, a wholly unsecured lien is not protected by the anti-modification clause of 1322(b)(2). <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002). Since Washington is completely unsecured, Washington is not entitled to the protection of §1322(b)(2).

Accordingly, since the claim of Washington is wholly unsecured, such claim should be treated as an unsecured claim in the Debtors' Chapter 13 Plan ("Plan") pursuant to 11 U.S.C. §506(d) and §1322(b)(2). See e.g. the Plan filed concurrently herewith.

WHEREFORE Debtors respectfully request that Washington's lien be adjudicated as unsecured and treated as an unsecured claim under the Plan.

DATED this 2nd day of July, 2009.

WILLIAM D. COPE, LLP

By: _____
William D. Cope, Esq.

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com