

_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | Case No. 09-52097 |
| STEVEN and DEBORAH VIDAL, | Chapter 13 |
| Debtor. | Date: September 18, 2009<br>Time: 2:00 p.m. |

**MEMORANDUM**

The debtor seeks to value a home in Sparks, Nevada.

The respondent creditor, Washington Mutual Home Loan, has not filed written opposition within 15 days after service of the motion as required by Local Bankruptcy Rule 9014(d)(1). This is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Therefore, the default of the above-mentioned respondent is entered.

The debtor seeks to value a personal residence at a fair market value of $320,000 as of the date the petition was filed. It is encumbered by a first deed of trust held by Wells Fargo

Home Mortgage.  The first deed of trust secures a loan with a balance of approximately $373,796.24 as of the petition date.

The residence is encumbered by a second deed of trust held by Washington Mutual Home Loan.  This junior claim is completely under-collateralized.  No portion of it will be allowed as a secured claim.  See 11 U.S.C. § 506(a).

Any assertion that the respondent's junior claim cannot be modified because it is secured only by a security interest in real property that is the debtor's principal residence is disposed of by In re Zimmer, 313 F.3d 1220 (9th Cir. 2002) and In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997).

Because this claim is completely under-secured, no interest need be paid on the it except to the extent otherwise required by 11 U.S.C. § 1325(a)(4).  That is, because the secured claim held by the respondent is $0, no interest need be paid pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii).

To the extent the respondent might object to valuation of its collateral in a contested matter rather than an adversary proceeding, the objection lacks merit.  Valuations pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 are contested matters and do not require the filing of an adversary proceeding.

Further, even if considered in the nature of a claim objection, an adversary proceeding is not required.  Fed. R. Bankr. P. 3007.  It is only when an objection is joined with a request to determine the extent, validity, or priority of a security interest, or a request to avoid a lien, that an adversary proceeding is required.  Fed. R. Bankr. P. 7001(2).  The court is not determining the validity of a claim or avoiding

1 a lien or security interest.  Such relief requires an adversary
2 proceeding.  <u>See</u> Fed. R. Bankr. R. 7001.  The respondent's deeds
3 of trust will remain of record until the plan is completed.  This
4 is required by 11 U.S.C. § 1325(a)(5)(B)(i).  Once the plan is
5 completed, if the respondent will not reconvey its deeds of
6 trust, the court will entertain an adversary proceeding.  <u>See</u>
7 <u>also</u> 11 U.S.C. § 1325(a)(5)(B)(i).

    In the meantime, the court is merely valuing the respondent's collateral.  Rule 3012 specifies that this is done by motion.

    The court determines that the debtor's residence has a value of $320,000.

    Counsel for the debtor shall lodge a conforming order.