| | |
|---|---|
| CINDY LEE STOCK<br>Nevada Bar No. 803<br>915 East Bonneville Avenue<br>Las Vegas, Nevada 89101<br>(702)382-1399 Phone<br>(702)382-0925 Fax<br>bk-clstock@cox.net E-Mail | E-FILED DECEMBER 3, 2009 |

In Association With:
MALCOLM ♦CISNEROS, A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, California 92612

Attorneys for JPMORGAN CHASE BANK, NA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STEVEN M. VIDAL and<br>DEBORAH R. VIDAL,<br><br>           Debtors. | Chapter 7<br><br>CASE NO: S-09-52097-GWZ<br><br>Hearing Date: January 12, 2010<br>Hearing Time: 10:00 a.m.<br><br>Location:   Clifton Young Federal<br>                 Building Courtroom No. 1 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

    Movant, JPMORGAN CHASE BANK, NA and its successors and/or assigns ("JPMORGAN "), by and through Cindy Lee Stock, its attorney, hereby moves this Court pursuant to 11 U.S.C. § 362, for its Order Terminating Automatic Stay as it applies to certain real property located in Washoe County, Nevada.

    This Motion is based upon the attached Memorandum of Points and Authorities, and the 362 Information Sheet (attached as Exhibit "A"), as well as upon the documents filed in support of the Motion.

    DATED this 3rd day of December, 2009.

                                                    Respectfully Submitted,

                                                  /s/ *Cindy Lee Stock*
                                                  CINDY LEE STOCK
                                                  Nevada Bar No. 803
                                                  915 East Bonneville Avenue
                                                  Las Vegas, Nevada   89101
                                                  Attorney for Secured Creditor,
                                                  JPMORGAN CHASE BANK, NA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

JPMORGAN CHASE BANK, NA and its successors and/or assigns ("JPMORGAN"/"Movant") requests the Court to grant it relief from the automatic stay because the Debtors have failed to tender regular monthly mortgage payments to Movant and because there is little or no equity for the benefit of the Debtors or the estate.

## II. STATEMENT OF FACTS

1. **The Secured Debt**. The Debtors are the Trustors under a Note secured by a Deed of Trust against the real property commonly known as 47 Marilyn Mae Drive, Sparks, NV 89441(the "Property"). The Debtors acknowledge the secured debt in their Schedules. True and correct copies of the Debtors' Schedules "A" and "D" are attached hereto as Exhibit "1." In their schedules Debtors identified the lender as Washington Mutual. On or about September 25, 2008, JPMorgan Chase Bank, N.A. acquired all assets, including all loans and loan commitments, of Washington Mutual Bank and is therefore the proper party in interest. A true and correct copy of the Affidavit of FDIC evidencing JPMorgan Chase Bank, N.A.'s acquisition of the assets of Washington Mutual Bank is attached hereto as Exhibit "2."

2. **The Default Under The Note**. JPMORGAN's Note and Deed of Trust are contractually due for the March 1, 2009 payment. As a result of the default, JPMORGAN desires to record a Notice of Default against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtors' Interest In The Property**. The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Case.** On or about June 30, 2009, Steven M. Vidal and Deborah R. Vidal filed the instant Chapter 13 Petition as Case No. N-09-52097-GWZ. On or about November 13, 2009, the case converted to a Chapter 7 case.

5. **The Total Indebtedness Under The Note**. The total indebtedness owed to JPMORGAN under the Note, exclusive of attorney fees, other miscellaneous costs and interest that continues to accrue is as follows:

| | | |
|---|---|---:|
| Principal Balance | $ | 56,096.44 |
| Interest as of December 2009 | $ | 4,544.28 |
| Total Fees | $ | 54.85 |
| Late Charges | $ | 200.05 |
| **TOTAL** | $ | 60,895.62 |

6. **The Total Liens On The Property**. The Property is encumbered by the following liens

SECURED CREDITOR                                             APPROXIMATE LIEN AMOUNT

1. Wells Fargo Home Mortgage                                  $ 373,796.24
   First Deed of Trust

2. JPMorgan Chase                                             $ 60,895.62

   **Total Approximate Lien Amount**                          $ 434,691.86

7. **The Value Of The Property**. The amount owing and recorded against the Property (excluding costs of sale) is at least the sum of $434,691.86.  By the Debtors' own admission, the Property has a fair market value of $320,000.00.  Accordingly, the Property has little or no equity for the benefit of the Debtor or the estate.  True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "1."

### III. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THE PROPERTY HAS LITTLE OR NO EQUITY.

The evidence demonstrates that there is little or no equity in the property.  By the Debtors' own admission, the Property has a fair market value of $320,000.00 while the total indebtedness on the Property (excluding costs of sale) is $434,691.86.  Based on the foregoing, the stay should be terminated immediately.  JPMORGAN has satisfied its burden under Section 362(d)(2).

### IV. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, JPMORGAN requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $320,000.00. *See:* Exhibit "1."

2. The Debtors contend that there is a first lien on the Property. *See:* Exhibit "1."

### V.  CONCLUSION

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by JPMORGAN, including a waiver of the 10-day stay pursuant to Bankruptcy Rule 4001(a)(3) and the requirements of Local Rule 9021.

DATED this 3rd day of December, 2009.

Respectfully Submitted,

/s/ *Cindy Lee Stock*
CINDY LEE STOCK
Nevada Bar No. 803
915 East Bonneville Avenue
Las Vegas, Nevada   89101
Attorney for Secured Creditor,
JPMORGAN CHASE BANK, NA

4